## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TIAYONE EVANS**, | ) | **CASE NO. 4:11cv1226** |
| | ) | |
| PLAINTIFF, | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| **ROBERT L. FARLEY**, | ) | **ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

*Pro se* plaintiff Tiayon Evans filed this *Bivens*[1] action against Federal Satellite Low-Elkton ("FSL-Elkton") Warden Robert L. Farley. In the Complaint, plaintiff alleges that he was deprived of a protected liberty interest without procedural due process when he was assigned to a three-bed cubicle that is designed for only two inmates. He seeks monetary damages.

## I.    BACKGROUND

On March 26, 2010, plaintiff was transferred to FSL-Elkton. He was placed in a low security facility and assigned to a three-man cubicle. Plaintiff alleges that this cubicle is 85 square feet and is rated, under Bureau of Prisons ("BOP") policy, for double occupancy. On January 26, 2011, plaintiff filed an Informal Complaint, in which he complained that FSL-Elkton had violated BOP policy by placing him in a three-bed cubicle that is designed for two inmates. His Informal Complaint was denied.

Plaintiff thereafter filed a Request for Administrative Remedy, in which he raised the same argument and requested an immediate transfer to another facility to "relieve the

---

[1] In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.

overcrowded living condition at FSL-Elkton." (Doc. 1 at Ex. 1B). Defendant Farley denied plaintiff's Request, noting that "[a]lthough we exceed our designated capacity at this time, we manage our inmate population by providing a variety of work and program opportunities which allows inmates to be out of their housing units approximately 12 hours per day and have the ability to be out of their cell 24 hours a day, if so desire." (Doc. 1 at Ex. B). Plaintiff appealed defendant Farley's ruling twice, to both the Regional Director and the National Inmate Appeals Administrator. Both appeals were denied.

Plaintiff filed his Complaint on June 14, 2011. Therein, he argues that he has a protected liberty interest, created by BOP policy, in sharing his cubicle with one other inmate, rather than two. He maintains that his current housing situation deprives him of this protected liberty interest without procedural due process of law. He seeks $35,000 in compensatory damages and $35,000 in punitive damages against defendant Farley in his individual capacity as Warden of FSL-Elkton.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a prisoner proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[2] A complaint is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19, 166 L. Ed. 2d 798 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also, Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also, Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, plaintiff's Complaint is dismissed pursuant to §1915(e).

## III.    LAW AND ANALYSIS

Plaintiff maintains that the mandatory language contained in BOP Program Statement 1060.11 provides him with a protected liberty interest in sharing his cell with one other inmate as opposed to two. The BOP policy at issue provides, in pertinent part, that cubicles in low security areas that are between 65 and 120 square feet "shall be rated for double occupancy." Plaintiff alleges that his cubicle is 85 square feet and, therefore, defendant Farley was required to assign only two inmates to that cubicle. He further argues that defendant's failure to do so deprived him of a protected liberty interest in violation of the Due Process Clause.

The Due Process Clause of the Fourteenth Amendment provides, in relevant part, that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit, however, every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations of constitutionally protected interests that are conducted without due process are subject to suit. *Id.*

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges or rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In and of themselves, language in state laws or prison regulations do not create a liberty interest protected by the Due Process Clause. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790 (6th Cir. 1995). Rather, conditions of confinement implicate a liberty interest only if they impose an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483.

Under the circumstances, the Court finds that plaintiff's claims are without merit. As an initial matter, plaintiff relies solely upon the mandatory language of BOP Program Statement 1060.11 to support his claim of a liberty interest. However, as set forth above, the BOP policy upon which plaintiff relies does not itself create a protected liberty interest. *See Rimmer-Bey*, 62 F.3d at 790. *See also, Sandin*, 515 U.S. at 482 (noting that "[prison] regulations

4

[are] not designed to confer rights on inmates"). Moreover, an agency's failure to follow it's own regulations does not constitute a *per se* due process violation. *See Perez v. Rios*, No. 7:08-171, 2009 WL 499141, at * 2 (E.D. Ky. Feb. 27, 2009) (holding a prison's failure to follow BOP prison regulation did not constitute *per se* due process violation).

Apart from any mandatory language in a regulation, a plaintiff must also prove that the regulation "imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483. In the instant case, the Court finds that plaintiff's assignment to a three-man cubicle that was designed for two inmates was not such an "atypical and significant hardship." Plaintiff has not alleged that his housing situation has led to the deprivation of any other basic need or constitutional right. Rather, it is the triple-celling, in and of itself, that forms the basis of plaintiff's due process claim. Under the circumstances, the Court finds that plaintiff has failed to allege sufficient facts to support his claim that sharing his cell with two other inmates, standing alone, rises to the level of an atypical and significant hardship under *Sandin, supra.*

Accordingly, plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to § 1915(e).

**IV.     CONCLUSION**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §
1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision
could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: October 19, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, that "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."